IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELA P. WILLIAMS,

      **Plaintiff,**

vs.                                       **CASE No.: 6:03-cv-1582-Orl-18JGG**

EQUIFAX INFORMATION SERVICES
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., and AMERICAN
RECOVERY SYSTEMS, INC.,

      **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Angela P. William's motion to consolidate and remand (Doc. 14, filed December 5, 2003), to which Defendants Experian Information Solutions, Inc. and Equifax Information Services LLC have responded in opposition (Doc. 24, filed December 19, 2003).

### I. BACKGROUND

Plaintiff brought an action against Defendants Equifax Information Services LLC, ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and American Recovery Systems, Inc. ("ARS") for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and other claims. Plaintiff filed the case on October 4, 2003 in the Ninth Circuit in and for Orange County, Florida. Equifax and Experian filed a Notice of Removal (Doc. 1) in the Middle District of Florida, Orlando Division on November 6, 2003, resulting in the commencement of the instant case. ARS filed a separate Notice of Removal on November 13, 2003, resulting in the commencement of Case No. 6:03-cv-1629-Orl-18KRS. Plaintiff claims the removal of her state



court action was improper, and moves to consolidate and remand this case and Case No. 03-cv-1629.

## II.   LAW

It is well-settled that in cases involving multiple defendants, if all defendants do not consent to the removal of a case to federal court, the removal is improper under 28 U.S.C. § 1447(c). Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1049 (11th Cir.2001). The issues in the instant case are: (1) whether ARS consented to Experian's and Equifax's removal by filing a separate notice of removal; and (2) if so, whether its consent was timely.

The Court finds that ARS failed to consent to Experian's and Equifax 's notice of removal. The method by which defendants may consent to removal has been stated differently by the district courts in the Eleventh Circuit.  Defendants may submit "some timely filed written indication from each served defendant . . . that it has actually consented to such action," Smith v. Health Center of Lake City, Inc., 252 F.Supp.2d 1336, 1340 (M.D.Fla. 2003), or defendants may take "binding action manifesting . . . consent" Engle v. R.J. Reynolds Tobacco Co., 122 F.Supp.2d 1355, 1360 (S.D.Fla. 2000).  Defendants may "file written documentation of . . . intent to join the Notice of Removal," Droessler v. Wyeth-Ayerst Laboratories, 64 F.Supp.2d 1265, 1271 (S.D.Fla. 1999), or defendants may consent by "signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing," Nathe v. Pottenberg, 931 F.Supp. 822, 825 (M.D.Fla.1995).

The Court notes that at least one district court has already addressed the issue this Court now confronts: whether the filing of a separate notice of removal constitutes consent to removal by another defendant.  In Ross v. Thousand Adventures of Iowa, Inc., 178 F.Supp.2d 996

(S.D.Iowa 2001), the court acknowledged that two separate notices of removal would sustain removal, after consolidation of the cases. The court, however, and the authorities to which it cited, do not provide a rationale for this view.

This Court is mindful that the removal statutes must be narrowly construed, and that uncertainties are to be resolved in favor of remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Strict construction of 28 U.S.C. § 1446 leads this Court to the certain conclusion that the filing of only one notice of removal is contemplated. Subsection (a) states that "[a] defendant or defendants" shall file "*a* notice of removal." 28 U.S.C.A. § 1446(a) (emphasis added). Subsection (d) states that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants . . . shall file a copy of *the* notice with the clerk of such State court . . . ." 28 U.S.C.A. § 1446(d) (emphasis added). Both sections indicate that even multiple defendants should file a single notice, not "notice(s)." This insistence on one notice is consistent with the above-quoted language in Smith and Droessler, which require defendants seeking to consent to a removal not to file a separate notice of removal, but instead, to "join the Notice of Removal" or "actually consent[] to such action."

This Court accordingly finds that consent to the original notice of removal is the proper method by which multiple defendants may join a removal. In fact, Equifax properly joined Experian's notice of removal by attaching a "Joinder and Consent to Removal." (Doc. 1, Exh. B). ARS did not, however, "consent" to Experian's and Equifax's notice of removal by their filing of a separate notice of removal. ARS's notice of removal and accompanying memorandum of law (Case No. 6:03-cv-1629-Orl-18KRS, Docs. 1 and 2) make no mention of the instant case. ARS's failure to consent to the removal of this case is made readily apparent by the existence of two separate cases, neither of which contain unanimous consent by the parties.

3

If it appears that the Court is resting heavily on technicalities, it is worth reiterating that removal statutes are to be narrowly construed against removal. Applying strict construction and resolving uncertainties in favor of remand, the Court accordingly finds that ARS did not consent to Experian's and Equifax's notice of removal.

Because the Court resolves this case on the absence of unanimous consent, the Court need not reach the issue of the timeliness of ARS's notice of removal. The Court notes, however, that ARS's removal was not timely under the "first-served defendant rule," previously adopted by the Middle District of Florida in Faulk v. Superior Industries Intern., Inc., 851 F.Supp. 457, 458 (M.D.Fla. 1994). See also Jones ex rel. Bazerman v. Florida Department of Children & Family Services, 202 F.Supp.2d 1352, 1355 (S.D.Fla. 2002); Newman v. Spectrum Stores, Inc., 109 F.Supp.2d 1342, 1346 (M.D.Ala. 2000); Holder v. City of Atlanta, 925 F.Supp. 783, 785 (N.D.Ga.,1996); but see Collings v. E-Z Serve Convenience Stores, Inc., 936 F.Supp. 892, 894 (N.D.Fla. 1996).

ARS failed to properly consent to the notice of removal filed by Experian and Equifax , and Plaintiff's motion to remand is hereby   **GRANTED**.  Plaintiff's motion to consolidate is **DENIED AS MOOT**.  This case is **REMANDED** to the Circuit Court of the Ninth Circuit in and for Orange County, Florida.

**DONE AND ORDERED** in Orlando, Florida on February ___2___, 2004.

_____
G. Kendall Sharp
Senior United States District Judge

4

F I L E   C O P Y

Date Printed: 02/02/2004


Notice sent to:

    ___   Steven Michael Fahlgren, Esq.
          Law Office of Steven M. Fahlgren, P.A.
          4751 South Conway Rd.
          Orlando, FL  32812

          6:03-cv-01582    igc

    ___   Michael A. Miller, Esq.
          Katz, Kutter, Alderman & Bryant, P.A.
          111 N. Orange Ave., Suite 1400
          P.O. Box 4950
          Orlando, FL  32802-4950

          6:03-cv-01582    igc

    ___   Bradley J. Miller, Esq.
          Kilpatrick Stockton LLP
          1100 Peachtree Street
          Suite 2800
          Atlanta, GA  30309

          6:03-cv-01582    igc

    ___   Mark O. Cooper, Esq.
          O'Neill, Liebman & Cooper, P.A.
          2699 Lee Rd., Suite 320
          P.O. Box 608557
          Orlando, FL  32860-8557

          6:03-cv-01582    igc

    ___   Daniel Clinton Pridgen, Esq.
          Jones Day
          3500 Sun Trust Plaza
          303 Peachtree St., N.E.
          Atlanta, GA  30308-3242

          6:03-cv-01582    igc

*[handwritten: 2-2-04]*

*[handwritten:]* Orange Cty
Circuit Ct.
425 N. Orange Ave
Rm 310
Orlando, Fl 32801